UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MANJULA SINGH,

NO. CIV. S-11-1397 LKK/GGH

      Plaintiff,

  v.

FIVE STAR QUALITY CARE,
INC., and DOES 1 through 20,
inclusive,

      Defendants.

_____/

**STATUS (PRETRIAL SCHEDULING) CONFERENCE**

READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES WHICH THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  A FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

Pursuant to court order, a Status (Pretrial Scheduling) Conference was held in chambers on September 26, 2011. Jill P. Telfer appeared as counsel for plaintiff; James T. Jones

1

1 appeared as counsel for defendant Five Star Quality Care, Inc.

2 After hearing, the court makes the following findings and orders:

3      **SERVICE OF PROCESS**

4      All parties defendant have been served and no further service

5 is permitted except with leave of court, good cause having been

6 shown.

7      **JOINDER OF PARTIES/AMENDMENTS**

8      Except as noted below, no further joinder of parties or

9 amendments to pleadings is permitted except with leave of court,

10 good cause having been shown. See Johnson v. Mammoth Recreations,

11 Inc., 975 F.2d 604 (9th Cir. 1992).

12      Plaintiff is granted ten (10) days to amend the complaint.

13      **JURISDICTION/VENUE**

14      Jurisdiction is predicated upon 28 U.S.C. §§ 1332, 1367 is

15 undisputed and is hereby found to be proper, as is venue.

16      **FICTITIOUSLY-NAMED DEFENDANTS**

17      This action, including any counterclaims, cross-claims, and

18 third-party complaints is hereby DISMISSED as to all DOE or other

19 fictitiously-named defendants.

20      **MOTION HEARING SCHEDULES**

21      All law and motion except as to discovery is left open, save

22 and except that it shall be conducted so as to be completed by

23 December 12, 2012. The word "completed" in this context means that

24 all law and motion matters must be **heard** by the above date.

25 Because this date is not necessarily a date previously set aside

26 for law and motion hearings, it is incumbent upon counsel to

1 contact this court's courtroom deputy, Ana Rivas at (916) 930-4133,

2 sufficiently in advance so as to ascertain the dates upon which law

3 and motion will be heard and to properly notice its motion for

4 hearing before that date.  Counsel are cautioned to refer to Local

5 Rule 230 regarding the requirements for noticing such motions on

6 the court's regularly scheduled law and motion calendar.

7 **Opposition or statement of non-opposition to all motions shall be**

8 **filed not later than 4:30 p.m. fourteen (14) days preceding the**

9 **hearing date, or by proof of service by mail not less than**

10 **seventeen (17) days preceding the hearing date.**  This paragraph

11 does not preclude motions for continuances, temporary restraining

12 orders or other emergency applications, and is subject to any

13 special scheduling set forth in the "MISCELLANEOUS PROVISIONS"

14 paragraph below.

15     At the time of filing a motion, opposition, or reply, counsel

16 are directed to email a copy in word processing format to lkk-

17 pleadings@caed.uscourts.gov.

18     The parties should keep in mind that the purpose of law and

19 motion is to narrow and refine the legal issues raised by the case,

20 and to dispose of by pretrial motion those issues that are

21 susceptible to resolution without trial.  To accomplish that

22 purpose, the parties need to identify and fully research the issues

23 presented by the case, and then examine those issues in light of

24 the evidence gleaned through discovery.  If it appears to counsel

25 after examining the legal issues and facts that an issue can be

26 resolved by pretrial motion, counsel are to file the appropriate

3

1 motion by the law and motion cutoff set forth <u>supra</u>.

2 **Unless prior permission has been granted, memoranda of law in**
3 **support of and in opposition to motions are limited to thirty (30)**
4 **pages, and reply memoranda are limited to fifteen (15) pages.  The**
5 **parties  are  also  cautioned  against  filing  multiple  briefs  to**
6 **circumvent this rule.**

7 Where the parties bring motions for summary judgment, the
8 court will deem facts which are apparently undisputed as undisputed
9 under Fed. R. Civ. P. 56(d), unless specifically reserved and that
10 party tenders evidence to support the reservation.

11 <u>ALL</u> PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL
12 MOTION AND A FAILURE TO MAKE SUCH A MOTION WILL ORDINARILY BE
13 VIEWED AS A WAIVER AT THE TIME OF PRETRIAL.   COUNSEL ARE CAUTIONED
14 THAT IF ANY LEGAL ISSUE THAT SHOULD HAVE BEEN TENDERED TO THE COURT
15 BY PRETRIAL MOTION MUST BE RESOLVED BY THE COURT AFTER LAW AND
16 MOTION CUTOFF, FOR INSTANCE WHERE THE ISSUE IS JURISDICTION,
17 SUBSTANTIAL SANCTIONS WILL BE LEVIED AGAINST COUNSEL WHO FAIL TO
18 TIMELY FILE AN APPROPRIATE MOTION.

19 Counsel are further reminded that motions in limine are
20 procedural devices designed to address the admissibility of
21 evidence.   COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH
22 DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED IN THE GUISE OF MOTIONS
23 IN LIMINE  AT THE TIME OF TRIAL.

24 **DISCOVERY**

25 No modifications of the discovery requirements found in the
26 Federal Rules is ordered except as follows per the parties'

1 stipulation:

2      1)    No more than 35 written interrogatories;

3      2)    Depositions up to ten (10) each, excluding experts;

4      3)    Depositions may extend to two (2) full days.

5      All discovery is left open, save and except that it shall be

6 so conducted as to be completed by October 12, 2012.  The word

7 "completed" means that all discovery shall have been conducted so

8 that all depositions have been taken and any disputes relative to

9 discovery shall have been resolved by appropriate order if

10 necessary and, where discovery has been ordered, the order has been

11 complied with.  Motions to compel discovery must be noticed on the

12 magistrate judge's calendar in accordance with the local rules of

13 this court and so that such motions will be heard not later than

14 September 12, 2012.  In this regard, all counsel are to designate

15 in writing and file with the court and serve upon all other parties

16 a final list of the names of all experts that they propose to

17 tender at trial not later than forty-five (45) days before the

18 close of discovery herein established.  At the time of designation,

19 all experts shall submit a written report.  The contents of the

20 report must comply with Federal Rule of Civil Procedure 26

21 (A)(2)(b).  All experts so designated are to be fully prepared to

22 render an informed opinion at the time of designation so that they

23 may fully participate in any deposition taken by the opposing

24 party.  Experts will not be permitted to testify at the trial as to

25 any information gathered or evaluated, or opinion formed, after

26 deposition taken subsequent to designation.

5

1     An expert witness not appearing on said lists will not be
2  permitted to testify unless the party offering the witness
3  demonstrates: (a) that the necessity of the witness could not have
4  been reasonably anticipated at the time the lists were exchanged;
5  (b) the court and opposing counsel were promptly notified upon
6  discovery of the witness; and (c) that the witness was promptly
7  proffered for deposition.

8     **MID-LITIGATION STATEMENTS**

9     Not later than fourteen (14) days prior to the close of
10 discovery, all parties shall file with the court and serve on all
11 other parties a brief statement summarizing all law and motion
12 practice heard by the court as of the date of the filing of the
13 statement, whether the court has disposed of the motion at the time
14 the statement is filed and served, and the likelihood that any
15 further motions will be noticed prior to the close of law and
16 motion.  The filing of this statement shall not relieve the parties
17 or counsel of their obligation to timely notice all appropriate
18 motions as set forth above.

19    **FINAL PRETRIAL CONFERENCE**

20    The Final Pretrial Conference is **SET** for March 11, 2013, at
21 3:30 p.m.   Counsel are cautioned that counsel appearing for
22 Pretrial will in fact try the matter.

23    Counsel for all parties are to be fully prepared for trial at
24 the time of the Pretrial Conference, with no matters remaining to
25 be accomplished except production of witnesses for oral testimony.
26 Counsel are referred to Local Rules 280 and 281 relating to the

1   contents of and time for filing Pretrial Statements.  In addition

2   to those subjects listed in Local Rule 281(b), the parties are to

3   provide the court with a plain, concise statement which identifies

4   every  non-discovery  motion  tendered  to  the  court,  and  its

5   resolution.  A FAILURE TO COMPLY WITH LOCAL RULES 280 AND 281 WILL

6   BE GROUNDS FOR SANCTIONS.

7        The  parties  shall  file  Separate  Pretrial  Statements,  the

8   contents  and  timing  of  which  are  set  forth  in  Local  Rule  281,

9   except  that  the  parties  are  to  prepare  a  JOINT STATEMENT  with

10  respect to the undisputed facts and disputed factual issues of the

11  case.  See Local Rule 281(b)(3), (4), and (6).  The parties are

12  reminded  to  include  in  their  joint  statement  all  disputed  and

13  undisputed  special  factual  information  as  required  by  Local  Rule

14  281(b)(6).

15       The undisputed facts and disputed factual issues are to be set

16  forth  in  two  separate  sections.  In  each  section,  the  parties

17  should identify first the general facts relevant to all causes of

18  action.  After identifying the general facts, the parties should

19  then identify those facts which are relevant to each separate cause

20  of  action.  In  this  regard,  the  parties  are  to  number  each

21  individual fact or factual issue.  Where the parties are unable to

22  agree as to what factual issues are properly before the court for

23  trial, they should nevertheless list in the section on "DISPUTED

24  FACTUAL  ISSUES"  all  issues  asserted  by  any  of  the  parties  and

25  explain by parenthetical the controversy concerning each issue.

26  Each individual disputed fact or factual issue shall include the

1  following introductory language:   "Whether or not . . . ."   The

2  parties should keep in mind that, in general, each fact should

3  relate or correspond to an element of the relevant cause of action.

4  Notwithstanding the provisions of Local Rule 281, the Joint

5  Statement of Undisputed Facts and Disputed Factual Issues is to be

6  filed with the court concurrently with the filing of plaintiff's

7  Pretrial Statement.  If the case is tried to a jury, the undisputed

8  facts will be read to the jury.

9      Pursuant to Local Rule 281(b)(10) and (11), the parties are

10 required to provide in their Pretrial Statements a list of

11 witnesses and exhibits that they propose to proffer at trial, no

12 matter for what purpose.  These lists shall <u>not</u> be contained in the

13 Pretrial Statement itself, but shall be attached as separate

14 documents to be used as addenda to the Final Pretrial Order.

15 Plaintiff's exhibits shall be listed **numerically**; defendant's

16 exhibits shall be listed **alphabetically**.   In the event that the

17 alphabet is exhausted, defendant's exhibits shall be marked "2A-2Z,

18 3A-3Z, etc."  The Pretrial Order will contain a stringent standard

19 for the proffering of witnesses and exhibits at trial not listed in

20 the Pretrial Order.  Counsel are cautioned that the standard will

21 be strictly applied.  On the other hand, the listing of exhibits or

22 witnesses which counsel do not intend to call or use will be viewed

23 as an abuse of the court's processes.

24     Pursuant to Local Rule 281(b)(12), a party is required to

25 provide a list of all answers to interrogatories and responses to

26 requests for admission that the party expects to offer at trial.

1 This list should include only those documents or portions thereof

2 which the party expects to offer in its case-in-chief.  Unless

3 otherwise barred by a rule of evidence or order of this court, the

4 parties remain free to tender appropriate discovery documents

5 during trial for such purposes as, but not limited to, impeachment

6 or memory refreshment.

7     Pursuant to Local Rule 281(b)(8), the parties' Pretrial

8 Statements shall contain a "statement of legal theory, etc."  Each

9 party shall commence this section by specifying as to each claim

10 whether federal or state law governs, and if state law, the state

11 whose law is applicable.

12     Counsel are also reminded that, pursuant to Fed. R. Civ. P.

13 16, it will be their duty at the Pretrial Conference to aid the

14 court in (a) formulation and simplification of issues and the

15 elimination of frivolous claims or defenses; (b) settling of facts

16 which should be properly admitted; and (c) the avoidance of

17 unnecessary proof and cumulative evidence.  Counsel must prepare

18 their Pretrial Statements, and participate in good faith at the

19 Pretrial Conference, with these aims in mind.  A FAILURE TO DO SO

20 MAY RESULT IN THE IMPOSITION of SANCTIONS which may include

21 monetary sanctions, orders precluding proof, eliminations of claims

22 or defenses, or such other sanctions as the court deems

23 appropriate.

24     **TRIAL SETTING**

25     Trial is **SET** for June 4, 2013, at 10:30 a.m.  Trial will be by

26 jury.  The parties represent in good faith that the trial will take

1 approximately eight (8) days.

2     **SETTLEMENT CONFERENCE**

3     A Settlement Conference will be set before a judge other than
4 the trial judge at the time of the Pretrial Conference.

5     Counsel are cautioned to have a principal capable of
6 disposition present at the Settlement Conference or to be fully
7 authorized to settle the matter on any terms and at the Settlement
8 Conference.

9     **MISCELLANEOUS PROVISIONS**

10     The parties are reminded that pursuant to Fed. R. Civ. P.
11 16(b), the Status (pretrial scheduling) Order **shall not be modified**
12 **except by leave of court upon a showing of good cause**. Counsel are
13 cautioned that changes to any of the scheduled dates will
14 necessarily result in changes to all other dates.  Thus, even where
15 good cause has been shown, the court will not grant a request to
16 change the discovery cutoff date without modifying the pretrial and
17 trial dates.

18     **Agreement by the parties pursuant to stipulation does not**
19 **constitute good cause.  Nor does the unavailability of witnesses or**
20 **counsel, except in extraordinary circumstances, constitute good**
21 **cause.**

22     The parties are reminded of their continuing obligation to
23 supplement their statements relative to the identification of
24 parent corporations and any publicly held company that owns 10% or
25 more of the party's stock within a reasonable time of any change in
26 the information.

1    The parties are admonished that they are not to cite or refer

2 to any of the quotations inscribed in the pavers on the front plaza

3 of the United States Courthouse in any written or oral presentation

4 to the court or a jury.

5    There appear to be no other matters presently pending before

6 the court that will aid the just and expeditious disposition of

7 this matter.

8    IT IS SO ORDERED.

9    DATED:  September 27, 2011.

10

11

12

13    LAWRENCE K. KARLTON
      SENIOR JUDGE
14    UNITED STATES DISTRICT COURT

15

16

17

18

19

20

21

22

23

24

25

26

11